## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION

### CIVIL NO.  1:08CV531-T
### (1:05CR206-T)

| | |
|---|---|
| **KELVIN TREMAYNE DAVIS,**      ) | |
| ) | |
| **Petitioner,**      ) | |
| ) | |
| **v.**      ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| **UNITED STATES OF AMERICA,**      ) | |
| ) | |
| **Respondent.**      ) | |
| _____ ) | |

      **THIS MATTER** is before the Court on Petitioner's motion to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed

November 10, 2008;[1] the Respondent's answer and motion for summary

judgment, filed March 4, 2009; and Petitioner's response to Respondent's

answer and motion for summary judgment, filed April 2, 2009.

_____

     [1] Petitioner certifies that he placed his motion to vacate in the prison mailing system on November 10, 2008.  **Motion to Vacate, at 13.** Therefore, his motion shall be treated as having been filed on November 10, 2008.  **See *Houston v. Lack*, 487 U.S. 266 (1988).**

## I. FACTUAL AND PROCEDURAL HISTORY

The Petitioner was charged in a three count indictment with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1); possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).  **See Bill of Indictment, filed June 6, 2005**.  Petitioner initially entered a not guilty plea to all charges at his arraignment on June 20, 2005.  In preparation for trial, the Petitioner filed a motion to suppress the search warrant issued by a North Carolina magistrate.  **Motion to Suppress, filed November 7, 2005.** On November 17, 2005, a jury was impaneled and his trial began with the Government's case in chief.  At the time the evidence produced by the search warrant was to be introduced to the jury, Petitioner's motion to suppress was heard before the undersigned.  At the conclusion of the hearing, the suppression motion was denied; thereafter, Petitioner, without the benefit of a plea agreement, advised the Court of his intention to plead guilty to the charges in the indictment but reserved his right to contest the Court's denial of his motion to suppress on appeal.   **See Rule 11 Inquiry (No Written Plea Agreement), filed November 17, 2005; Partial**

**Transcript of Proceedings on Motion to Suppress and Rule 11, filed January 18, 2008, at 38.**   On May 22, 2006, the undersigned sentenced Petitioner to a concurrent term of 120 months imprisonment on Counts One and Two and a consecutive term of 60 months on Count Three, for a total of 180 months imprisonment.  **Judgment in a Criminal Case, filed June 13, 2006.**

Petitioner appealed the denial of his motion to suppress on November 18, 2005.  **Notice of Appeal, filed November 18, 2005; *see also* Fourth Circuit Notice, filed April 28, 2006 ("[The Fourth Circuit] has withheld proceedings on appeal pending the district court's entry of judgment and commitment order.").**  On July 9, 2007, the Fourth Circuit upheld the Court's denial of Petitioner's motion to suppress and affirmed his conviction and sentence; Petitioner's petition for a writ of *certiorari* was denied by the Supreme Court on November 13, 2007.  ***United States v. Davis*, 232 F. App'x 318, 319 (4th Cir.), *cert. denied*, 128 S. Ct. 631 (2007).**

In his motion to vacate, Petitioner alleges misconduct by police officers in the search of his motel room, record tampering of the transcript of the suppression hearing, ineffective assistance of counsel at trial and on

appeal; lack of federal jurisdiction, and forgery of the search warrant and supporting application.

## II. STANDARD OF REVIEW

_____Pursuant to Federal Rule of Civil Procedure 56(c), a Court may grant summary judgment when the pleadings and other relevant documents reveal that "there is not genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." **See, e.g. Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23 (1986); **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 252 (1986); **Matsushita Elec. Indus. Co. v. Zenith Radio Corp.**, 475 U.S. 574, 587 (1986); **Miller v. Leathers**, 913 F.2d 1085, 1087 (4th Cir. 1990).

A genuine issues exists only if "the evidence is such that a reasonable jury could return a verdict for the on-moving party." **Anderson, 477 U.S. at 248.** However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any event, a "mere scintilla of evidence" is insufficient to overcome summary judgment." **Id. at 249-50.**

### III. ANALYSIS

### A.    Petitioner is Procedurally Barred

Petitioner's failure to raise the issues on direct appeal of record tampering of the transcript of the suppression hearing, lack of federal jurisdiction over the charged violations, and forgery of the search warrant application and the search warrant itself bars any review of these issues pursuant to 28 U.S.C. § 2255.  A claim raised for the first time in a § 2255 petition is generally not cognizable in federal courts.  **See *United States v. Landrum*, 93 F.3d 122, 124 (4th Cir. 1996).**  "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" ***Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994)) (other citations omitted).**

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains[,] or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack.

***United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)); see also, *Stone v. Powell*, 428 U.S. 465, 477 n.10 (1976).**  "[C]ause . . .  requires a

showing of some external impediment preventing counsel from constructing or raising the claim." ***Murray v. Carrier*, 477 U.S. 478, 492 (1986); see also, *Turner v. Jabe*, 58 F.3d 924, 927 (4th Cir. 1995).** In order to establish "actual prejudice" the defendant must show "not merely that the errors at his trial creat[ed] a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." ***Frady*, 456 U.S. at 170.** Actual innocence means factual innocence, not merely legal insufficiency. ***Bousley*, 523 U.S. at 623**. In order to establish actual innocence, Petitioner must show that based on all the evidence "it is more likely than not that no reasonable juror would have convicted him." ***Id.* (quotation omitted).**

Petitioner is well aware of the cause and prejudice requirement of raising issues for the first time in a § 2255 motion. Indeed, in each of his claims he states that he did not raise the claims earlier because of ineffective assistance of counsel. Petitioner can certainly allege ineffective assistance of counsel for the first time in a collateral proceeding; however, contrary to his contention, in order to assert ineffective assistance of

counsel as his reason for failing to challenge the claims enumerated above, he must still meet the cause and prejudice standard.

In order to show cause based on ineffective assistance of counsel, Petitioner must establish both a deficient performance by counsel and that the deficient performance prejudiced him. **See *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)**. An attorney's error provides cause to excuse a procedural default only if the error amounts to constitutionally ineffective assistance of counsel pursuant to *Strickland*. **See *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991)**. Likewise, Petitioner must show that "there is a reasonable probability that, but for counsel's professional error, the result of the proceeding would have been different." ***Strickland*, 466 U.S. 694**.

The record establishes that subsequent to the Court's denial of his motion to suppress, Petitioner, without the benefit of a plea agreement, entered a conditional guilty plea to the three charges contained in the indictment, reserving only his right to contest on appeal the Court's denial of his motion to suppress. The record also shows that Petitioner appealed the issues raised in his motion to suppress, that is, failure of the affidavit submitted in support of the search warrant to establish probable cause for

the search of his motel room.  Federal Rule of Criminal Procedure 12(b)(3) requires that a motion to suppress be filed before trial; failure to do so constitutes a waiver of those issues.  In this case, Petitioner only appealed the specific issue raised in his motion to suppress.  He did not include in his motion to suppress or in his appeal the alleged forgery of the search warrant and the application.  Therefore, because Petitioner only reserved his right to appeal the Court's denial of his motion to suppress, the issues he could advance on appeal were limited to those issues raised in the motion to suppress to the district court.  **See _United States v. Ricco_, 52 F.3d 58, 62 (4th Cir. 1995); see also _United States v. Lockett_, 406 F.3d 207, 212 (3d Cir. 2005) ("[I]n context of a motion to suppress, a defendant must have advanced substantially the same theories of suppression in the district court" that he seeks on appeal.); _United States v. Neumann_, 887 F.2d 880, 886 (8th Cir. 1989) (finding that defendant's claim on appeal waived because argument that the warrant was overbroad differed from his argument below - that the warrant was deficient in probable cause).**  "A litigant cannot jump from theory to theory like a bee buzzing from flower to flower." **_United States v. Torres,_ 162 F.3d 6,11 (1st Cir. 1998).**  Petitioner has not established that

his counsel was deficient for failing to raise the alleged forgery of the search warrant and application.  Therefore, he has not established cause and prejudice sufficient to overcome his procedural default of this claim.

With respect to his claim regarding jurisdiction, the record supports a finding that Petitioner entered a knowing and voluntary guilty plea.  Indeed, Petitioner does not claim otherwise.  A knowing and voluntary guilty plea constitutes an admission of the material elements of the crime.  ***McCarthy v. United States*, 394 U.S. 459, 466 (1969)**.  Significantly, neither 21 U.S.C. § 841 (a)(1) nor 18 U.S.C. § 924(c) contains an essential element requiring that the charged offense be committed on federal property or affect interstate commerce as asserted by Petitioner.  Jurisdiction is permitted in the district court due to the fact that the statutes at issue are laws of the United States enacted by Congress and federal courts have jurisdiction over cases arising from federal laws.  **See U.S. Constitution, art. III § 2, cl. 1.**  Therefore, Petitioner has not established cause and prejudice sufficient to overcome his procedural default of this claim.

Finally, with respect to Petitioner's claim regarding the altered transcript, such transcript was certified by the court reporter which "shall be deemed prima facie a correct statement of the testimony taken and the

proceedings had." **28 U.S.C. § 753(b).** Petitioner's assertion that "his attentive and sound recollection recalls what was actually said and answered by witnesses" (Motion, at 20), is insufficient to overcome the statutory presumption that the transcript is correct. **See also *United States v. Zammiello*, 432 F.2d 72, 73 (9th Cir. 1970).** Therefore, Petitioner has not established cause and prejudice sufficient to overcome his procedural default of this claim.

Petitioner has failed to establish that his attorney was ineffective for failing to raise on appeal an alleged altered transcript, lack of federal jurisdiction, or that the search warrant and application for warrant were forged documents.[2] Having failed to establish cause and prejudice for failing to appeal the substantive claims he now asserts, Petitioner's claims are not cognizable under 28 U.S.C. § 2255 as they are procedurally barred.

**B.    Ineffective Assistance of Counsel Claims**

As previously set forth herein, with respect to Petitioner's claims of ineffective assistance of counsel, he must show that counsel's

---

[2] Petitioner makes no claim of actual innocence.

performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. ***Strickland*, 466 U.S. at 687-91**.  In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance.  ***Id.* at 689; see also *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297-99 (4ᵗʰ Cir. 1992); *Hutchins v. Garrison*, 724 F.2d 1425, 1430-31 (4ᵗʰ Cir. 1983); *Marzullo v. Maryland*, 561 F.2d 540 (4ᵗʰ Cir. 1977).**

Furthermore, in considering the prejudice prong of the analysis, the Court must not grant relief solely because the Petitioner can show that, but for counsel's performance, the outcome would have been different. ***Sexton v. French*, 163 F.3d 874, 882 (4ᵗʰ Cir. 1998)**.  Rather, the Court "can only grant relief under . . . *Strickland* if the 'result of the proceeding was fundamentally unfair or unreliable.'" ***Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993)).**  Under these circumstances, the petitioner "bears the burden of proving *Strickland* prejudice." ***Fields*, 956 F.2d at 1297 (citing *Hutchins*, 724 F.2d at 1430-31).**

A petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea must meet an even higher burden.  ***See Hill v.***

**Lockhart**, 474 U.S. 52, 53-59 (1985); **Fields**, 956 F.2d at 1294-99;

**Hooper v. Garraghty**, 845 F.2d 471, 475 (4th Cir. 1988).

> When a [petitioner] challenges a conviction entered after a guilty plea, [the] "prejudice" prong of the [*Strickland*] test is slightly modified. [The petitioner] "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."

**Hooper**, 845 F.2d at 475 (quoting **Hill v. Lockhart**, 474 U.S. at 59);

**accord Fields**, 956 F.2d at 1297.

In evaluating a post-guilty plea claim of ineffective assistance of counsel, statements previously made under oath affirming satisfaction with counsel, such as those made by Petitioner here at the Rule 11 hearing, are binding absent "clear and convincing evidence to the contrary." **Id. at 1299 (citing Blackledge v. Allison**, 431 U.S. 63, 74-75 (1977)); **accord United States v. Lemaster**, 403 F.3d 216, 220-23 (4th Cir. 2005) (affirming summary dismissal of § 2255 motion, including ineffective assistance claim, noting inconsistent statements made during Rule 11 hearing).

Applying the foregoing principles to Petitioner's allegations against counsel, it is apparent that he cannot prevail in this matter. Indeed, it has not escaped the Court's attention that Petitioner does not assert that but

for counsel's alleged ineffectiveness, he would have pled not guilty and insisted upon going to trial. Thus, notwithstanding any other matters, Petitioner's claim against counsel is doomed by that failure. **See *Slavek v. Kinkle*, 359 F. Supp. 2d 473, 491 (E.D. Va 2005) (summarily rejecting claims of ineffective assistance on prejudice prong based on petitioner's failure and inability to argue that but for alleged errors, he would have insisted on trial or a different guilty plea).** Thus, with respect to all claims regarding his guilt, Petitioner's claims of ineffective assistance fail. However, in an abundance of caution, the Court will consider Petitioner's claims notwithstanding this failure.

Petitioner argues that his counsel was ineffective for failing to 1) investigate the alleged entry into his motel room by law enforcement officers prior to the issuance of the search warrant; 2) investigate Petitioner's claim that the transcript of the hearing on the motion to suppress was altered; 3)challenge federal jurisdiction over the charged crimes; 4) pursue Petitioner's claim that the search warrant and application were forged copies; and 5) include all relevant facts from Petitioner's appeal concerning the information provided to the law enforcement officers by a tipster.

Petitioner alleges that the evidence seized from his motel room at the Mountaineer Inn is tainted because police officers obtained the key from motel owner, Chris Moutos, and entered the room between 3:00 p.m. and 4:00 p.m. on the afternoon of March 18, 2005, prior to the issuance of the search warrant. Petitioner contends that his counsel was ineffective for failing to raise this issue. Petitioner relies on the affidavit of Elmore Bethea, a private investigator, who interviewed Chris Moutos. According to Bethea, Moutos stated that he gave a female detective the key to room 124 at about 3:00 p.m., on March 18, 2005. **See Petitioner's Exhibit A, Affidavit of Elmore A. Bethea, *attached to* Petitioner's Motion to Vacate, ¶ 3.** Petitioner alleges that his "[c]ounsel was privy to this evidence . . . but failed to present this favorable evidence in [Petitioner's] defense." **Petitioner's Motion, at 16, 22**.

First, Petitioner is incorrect that his counsel failed to raise this issue regarding the timing of the search of his motel room. A review of the record reveals that Petitioner's trial counsel challenged the seizure of the evidence based on the assertion that the officers entered the motel room prior to the issuance of the search warrant. Indeed, in an addendum to his motion to suppress, Petitioner's counsel stated that John Chapius, a

summer intern working for defense counsel, interviewed Moutos on

October 20, 2005, concerning the events of March 18, 2005.  Moutos

stated that a female police officer requested the key to room 124 from him;

although he did not know the exact time of day, "it was light out side and

that it 'was probably between 3-6 P.M.'" **Addendum to Motion to**

**Suppress, filed November 8, 2005, ¶¶ 1, 2.**  According to the addendum,

the search warrant was issued on March 18, 2005, at 8:10 p.m.  *Id.* **¶ 3.**

During the hearing on the motion to suppress, Petitioner's trial counsel

questioned Moutos regarding the time he gave the police officer the key to

Petitioner's room.  Mouos testified he gave the key to room 124 to a female

police officer at "maybe 3 o'clock, maybe; 4 o'clock, maybe.  After 3:00, I

went to the office.  It was maybe 4 to 5 o'clock."  **Partial Transcript,**

***supra*, at 26**.  Moutos also testified that the police officers only entered

room 124 one time.  *Id.* **at 28-29.**  The Petitioner's motion to suppress was

subsequently denied.  The "favorable information" that  Petitioner claims

his counsel failed to present was a statement by Moutos to a private

investigator that he gave the key to room 124 to a female detective at 3:00

p.m., on March 18, 2005.  While counsel did not present this specific

evidence, he did present other evidence suggesting that Moutos gave the key to a female detective anywhere between 3:00 and 5:00 p.m. *Id.* **at 26**.

The record reflects that Petitioner's trial counsel did, in fact, challenge the seizure of the evidence based on the assertion that officers entered the motel room prior to the issuance of the search warrant. While counsel did not present the specific statement by Moutos to the private investigator that Petitioner points out, he did challenge the search warrant on the basis that officers entered the motel room prior to the issuance of the warrant. Therefore, Petitioner has not established either prong of the *Strickland* test as is required for an ineffective assistance of counsel claim and his claim is denied.

Next, Petitioner contends that his counsel was ineffective for failing to challenge the accuracy of the transcript of the hearing on Petitioner's motion to suppress. Specifically, Petitioner alleges the transcript reflects cross-examination by the prosecutor, which never happened; that the transcript shows the prosecutor objected to defense counsel's questioning of Moutos about the time of day he gave the room key to the police officer, which never occurred; and that detective's testimony on both direct examination and cross-examination was not according to his recollection.

**Petitioner's Motion, at 18-20**. Petitioner argues that he "is . . . absolutely certain that portions of the transcript[] were deleted and added as his attentive and sound recollection recalls what was actually said and answered by the witnesses." *Id.* **at 20**.

As already noted above, the transcript of the suppression hearing filed on January 18, 2006, is certified by the Court's Official Court Reporter, and as so "shall be deemed prima facie a correct statement of the testimony taken at the proceedings had." **28 U.S.C. § 753(b).** Petitioner's "sound recollection" of the testimony is insufficient to overcome the statutory presumption that the transcript is correct. **See *Zammiello*, 432 F.2d at 73; *United States v. Ochs*, 548 F. Supp. 502, 528 n. 97 (S.D.N.Y. 1982) (relying upon statutory presumption)**. Finally, Petitioner's trial counsel's avers he had no reason to believe the transcript had been altered. **Exhibit 2, Affidavit of David Belser, *attached to* Government's Response, filed March 4, 2009, at 3.**

Petitioner has not established either prong of the *Strickland* test and his claim that his trial counsel was ineffective for failing to raise the issue that the transcript of Petitioner's suppression hearing was altered is without merit and is denied.

Petitioner contends that his trial counsel was ineffective for failing to challenge federal jurisdiction in this case because the alleged offenses did not require the element of interstate commerce and were not committed on federal property. **Petitioner's Motion, at 21, 22**. Further, he argues that he could have pursued a valid claim of selective prosecution "regarding the number of black versus white individual cases that proceeded to federal court versus the number of black and white individual cases that remained in state court." *Id.* **at 23.**

As noted *supra*, Petitioner was prosecuted for violations of the federal Controlled Substances Act enacted by Congress over which the federal courts have jurisdiction. Petitioner has not established that his counsel was deficient for failing to challenge this Court's jurisdiction in this matter. With respect to his potential claim of selective prosecution, Petitioner offers only his bare conclusory allegations. Petitioner has not established either prong of the *Strickland* test necessary to establish a claim of ineffective assistance of counsel. Therefore, Petitioner's claims of ineffective assistance of counsel regarding jurisdiction and selective prosecution are denied.

Petitioner contends that the search warrant and the application for the search warrant were forged copies which he made known to his counsel.  Petitioner contends that the "[d]etective didn't give any reason why such types of forged documents would be used when the standard forms are available  and at his disposal (24) hours a day."  The Court has compared the forms used in this case with the "the standard forms" Petitioner contends are available 24 hours a day and notes the search warrant executed by the magistrate in this case is form AOC-CR-119, Rev 8/83.  The blank forms that Petitioner claims are the correct forms are designated as AOC-CR-119, Rev. 9/02.  The Court notes that use of a previous version of a form that has since been updated does not constitute forgery.  Petitioner has not offered any other evidence of forgery.  Therefore, he has not established that his counsel was ineffective for failing to raise this issue.  Petitioner has not established either prong of the *Strickland* test and his claim of ineffective assistance of counsel is denied.

Petitioner alleges that counsel omitted important facts from his direct appeal which was prejudicial to him.  Specifically, Petitioner contends that counsel failed to include the fact that Moutos stated he told the police that housekeeping complained to him that they smelled dope outside room 124

and that the detective went to the motel the night before the search warrant due to these concerns and found that "nothing was going on." **Petitioner's Motion, at 26.** The transcript of the suppression hearing does not support Petitioner's recollection of the facts. Indeed, Moutos testified that "the people next door" felt suspicious and called the police, but the police never came. **Partial Transcript, *supra*, at 23.** He further testified that this happened two or three days before he contacted the police. ***Id.*** Moutos also testified that a maid reported to him, and thereafter he told the police, that the smell of dope was coming from room 124. The detective did not testify that the police went to the motel the night before the search and found that "nothing was going on" as Petitioner contends. In any event, the transcript of the suppression hearing was part of the record on appeal and reviewed by the Fourth Circuit. Therefore, even if Petitioner could establish that his counsel was deficient, which he has not, he cannot demonstrate prejudice in connection with this claim. Therefore, Petitioner's claim that his counsel was ineffective for omitting facts from his direct appeal of the suppression motion is denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Government's motion for summary judgment is granted and Petitioner's motion to vacate is denied. A Judgment dismissing this action is filed herewith.

Signed: June 10, 2009

Lacy H. Thornburg
United States District Judge